Kylleen HARGRAVE–THOMAS,
Petitioner,

v.

Joan YUKINS, Respondent.

No. 00–40171.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 13, 2006.

Andrea D. Lyon, DePaul College of Law, Center of Justice in Capital Cases, Chicago, IL, Bridget M. McCormack, University of Michigan (Clinical Law Program), Ann Arbor, MI, for Kylleen Hargrave–Thomas, Petitioner.

Brad H. Beaver, Michigan Department of Attorney General, Lansing, MI, Joseph A. Puleo, Wayne County Prosecutor's Office, Detroit, MI, William C. Campbell, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Joan Yukins, Respondent.

### ORDER DENYING PETITIONER'S MOTION TO SET BAIL

GADOLA, District Judge.

Now before the Court is Petitioner Kylleen Hargrave–Thomas's "Motion to Set Bail," filed September 9, 2006. Plaintiff filed this motion simultaneously with a mo-

tion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b).[1] Petitioner's motion to set bail follows this Court's August 16, 2006 order that denied Petitioner's premature motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), denied as moot Petitioner's motion for an evidentiary hearing, denied Petitioner's motion to remain on bond, dismissed Petitioner's petition for writ of habeas corpus pursuant to the Court of Appeals for the Sixth Circuit's July 6, 2004 order, and granted Respondent's motion for revocation of bond. *See Hargrave–Thomas v. Yukins,* 450 F.Supp.2d 711 (E.D.Mich.2006). Petitioner was also ordered to surrender to the Robert M. Scott correctional facility on September 15, 2006 to recommence serving her state imposed life sentence. *See Hargrave–Thomas v. Yukins,* 450 F.Supp.2d 711 (E.D.Mich.2006).

The Court, having fully and carefully considered Petitioner's motion to set bail and the State's response to that motion, being fully aware and advised of the premises of this case, shall deny Petitioner's motion for bail. Although the Court now finds that bail should not be set, the Court expressly makes clear that this ruling should not be construed as a dispositive ruling on the merits of any of the issues raised in Petitioner's Rule 60(b) motion.

Additionally, Petitioner's motion also asks this Court, as a less-favored alternative to granting bail, that it grant a one-week stay of her surrender date. Petitioner desires her counsel, who has a scheduling conflict due to a speaking engagement, to be present at her surrender. Consider-

---

1. Due to the nature of this motion, and this Court's reluctance to add to the already voluminous record, a full discussion of the factual and procedural nature of this case has been omitted from this order. A detailed factual and procedural history is set forth in this Court's previous opinions and that of the

Court of Appeals for the Sixth Circuit. *See Hargrave–Thomas v. Yukins,* 450 F.Supp.2d 711, 712–19, 2006 WL 2376180 at *1–6 (E.D.Mich.2006); *Hargrave–Thomas v. Yukins,* 236 F.Supp.2d 750, 754–59 (E.D.Mich. 2002), *rev'd* 374 F.3d 383 (6th Cir.2004).

ing the circumstances of the instant case, the Court does not believe a one-week stay is appropriate.

**ACCORDINGLY, IT IS HEREBY OR-DERED** that Petitioner's motion to grant bail is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's request for a one-week stay of her surrender date is **DENIED.**

**SO ORDERED.**